UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRIPWIRELESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BRAD KING, <br><br> Defendant. | Case No. 3:24-CV-843-CCB-SJF |

## OPINION AND ORDER

Before the Court is Defendant Brad King's ("King") Partial Motion to Dismiss (ECF 10) Plaintiff Tripwireless, Inc.'s ("Tripwireless") Complaint (ECF 1). Based on the applicable law, facts, and arguments, Defendant's Motion to Dismiss for Failure to State a Claim is **DENIED**. (ECF 10).

### I.   RELEVANT BACKGROUND

Tripwireless is a Colorado corporation that provides customers with specialized telecommunications equipment. (ECF 1 at 2). Tripwireless solicits bids for its customers, then assists with equipment acquisitions and provides service and maintenance for telecommunication infrastructure networks power and cell sites. (*Id.*). King, an Indiana resident, was a Vice President at Tripwireless from August 2019 until his termination in late August 2024 for "failure to perform job responsibilities." (*Id.*). King worked remotely from his home in Indiana. (ECF 11 at 2). His responsibilities as Vice President included "submitting bids in response to customer inquiries and/or RFPs [requests for proposals] for service and maintenance contracts for telecommunication infrastructure

networks power and cell sites." (*Id.*) (ECF 1 at 2). After he was terminated, King was immediately hired by Elite-ICT Services ("Elite"), another service and maintenance provider of telecommunication infrastructure networks power and cell sites. (*Id.* at 3).

Following King's termination, Tripwireless learned that King "had begun to intentionally direct potential service and maintenance contract opportunities away from Tripwireless and to Elite." (*Id.*). It further discovered that because of King's actions, Tripwireless had not submitted bids in response to multiple customer inquiries or requests for proposals and therefore lost out on potential business. (*Id.*). For example, on May 7, 2024, King emailed the president of Elite telling him that Tripwireless had an opportunity to work on a large contract but that the work was "out of [Tripwireless's] core focus" and offered to connect Elite to his contacts if they were interested. (*Id.*). On June 26, 2024, King responded to a request for a proposal from a potential client saying that "[Tripwireless's] site maintenance has been moved to our partners at [Elite]." (*Id.* at 4). The potential client responded saying that it would exclude Tripwireless from future site maintenance requests for proposals. (*Id.*). In June 2024, King forwarded information regarding Tripwireless's actual or potential business opportunities to Elite's president. From May 8, 2024 to August 7, 2024, King also forwarded a number of emails to his personal email address involving customer inquiries or requests for proposals. (*Id.*).

Plaintiff filed a complaint on October 15, 2024, alleging breach of duty of loyalty and tortious interference with prospective business advantage. (ECF 1). Defendant filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(6) asserting that Plaintiff's

2

claim of tortious interference with prospective business advantage does not state a claim for which relief can be granted. (ECF 10).

## II. STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)); *accord McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2013) (a complaint "must contain 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief"). "[A] formulaic recitation of the elements of a cause of action," and "naked assertions" without supporting facts are inadequate. *Id.* (quoting *Twombly*, 550 U.S. at 557). A complaint therefore fails to state a claim if it does not "describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests [or] plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal quotations omitted).

When meeting this threshold, however, complaints "do not need to contain elaborate factual recitations." *Sanjuan v. Am. Bd. Of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). Rather, at the motion to dismiss stage, the plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Id.* A court cannot dismiss a complaint for failure to state a claim if, taking the facts pleaded as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The court, however, is "not bound

by a plaintiff's legal characterization of the facts or required to ignore facts set forth in the complaint that undermine a plaintiff's claim." *Pearson v. Garrett-Evangelical Theological Seminary, Inc.*, 790 F. Supp. 2d 759, 762–63 (N.D. Ill. 2011).

### III.   ANALYSIS

A court in a diversity case must apply the substantive law of the forum in which it sits. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 73 (1938); *See also Bailey v. Skipperliner Indus., Inc.*, 278 F. Supp. 2d 945, 951 (N.D. Ind. 2003). If the laws of multiple jurisdictions are arguably at issue, *Erie* requires a federal court to apply that state's choice of law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–497 (1941). In Indiana, "a choice-of-law issue will [ordinarily] be resolved only if it appears there is a difference in the laws of the potentially applicable jurisdictions." *Allen v. Great Am. Rsrv. Ins.*, 766 N.E.2d 1157, 1162 (Ind. 2002). The differences between the laws of the states must be "important enough to affect the outcome of the litigation." *Simon v. United States,* 805 N.E.2d 798, 804–05 (Ind.2004). If there is no disagreement between the law of the contact states, then the law of the forum state applies. *Jean v. Dugan,* 20 F.3d 255, 260 (7th Cir. 1994). If there is disagreement, the Court will proceed to a conflict-of-laws analysis. *Id.* Both Plaintiff and Defendant agree that there is a difference between Colorado and Indiana's tortious interference with prospective business advantage laws.

### A.   Difference in Colorado and Indiana Law

To state a claim for tortious interference with prospective business advantage under Colorado law, a plaintiff must show: "(1) improper conduct with (2) the intention to induce or cause a third party not to enter into or continue business relations with

the plaintiff, and (3) defendant actually induced or caused such result." Nobody in Particular Presents, Inc. v. Clear Channel Commc'ns, Inc., 311 F. Supp. 2d 1048, 1118 (D. Colo. 2004). The factfinder should balance the following seven factors in determining whether a defendant's conduct is improper: "(1) the nature of the defendant's conduct; (2) the defendant's motive; (3) the plaintiff's interests interfered with; (4) the defendant's interests in interfering; (5) the social interests in protecting defendant's freedom of action and plaintiff's prospective business relations; (6) the proximity of the defendant's conduct to the interference; (7) the relations between the parties." Id. (citing Amoco Oil Co. v. Ervin, 908 P.2d 493, 501 (Colo.1996)).

In Indiana, to state a claim for tortious interference with prospective business relations, a plaintiff must show: "(1) the existence of a valid relationship; (2) the defendant's knowledge of the existence of the relationship; (3) the defendant's intentional interference with that relationship; (4) the absence of justification; and (5) damages resulting from defendant's wrongful interference with the relationship." Levee v. Beeching, 729 N.E.2d 215, 222 (Ind. Ct. App. 2000). Additionally, "illegal conduct is an essential element of tortious interference with a business relationship." Levee v. Beeching, 729 N.E.2d 215, 222 (Ind. Ct. App. 2000). There is no coherent definition of what constitutes "illegal conduct" but the Seventh Circuit has recognized non-criminal illegal acts are sufficient to pursue a claim for tortious interference with a business relationship. Syndicate Sales, Inc. v. Hampshire Paper Corp., 192 F.3d 633, 641 (7th Cir.1999); see also Miles Distributors, Inc. v. Specialty Const. Brands, Inc., 417 F. Supp. 2d 1030, 1038 (N.D. Ind. 2006), aff'd, 476 F.3d 442 (7th Cir. 2007); Meridian Fin. Advisors, Ltd.

*v. Pence*, 763 F. Supp. 2d 1046, 1063 (S.D. Ind. 2011) (noting that a breach of a fiduciary duty can satisfy the requirement of an independent illegal action).

The parties agree that Colorado and Indiana's tortious interference with prospective business advantage or relations laws differ in several ways. The critical departure is the fact that Indiana law requires a showing of illegal conduct, while Colorado law only requires a showing of improper conduct. This difference is important enough to affect the outcome of the litigation. *Simon, 805 N.E.2d at 805*. Having established that there is a difference in the laws of the potentially applicable jurisdictions, the Court will now analyze the choice of law issue. *Allen*, 766 N.E.2d at 1162.

### B. Choice of Law

The characterization of the nature of an action bears upon the choice-of-law question. The present action arises from a tort claim. Indiana choice of law rules "mandate a presumption that the rule of *lex loci delicti* (the place of the wrong) applies . . . but the presumption is not conclusive and may be overcome if the court is persuaded that 'the place of the tort bears little connection to this legal action.'" *Popovich v. Weingarten*, 779 F. Supp. 2d 891, 897 (N.D. Ind. 2011) (citing *Simon*, 805 N.E.2d at 805). Thus, the law of the place of the wrong applies unless the Court is persuaded that the place of the tort "bears little connection" to the legal action. *Hubbard Mfg. Co. v. Greeson*, 515 N.E.2d 1071, 1074 (Ind. 1987).

The first question that must be answered, then, is where the tort took place. "The tort is said to have been committed in the state where the last event necessary to make

an actor liable for the alleged wrong takes place." *Id.* at 1073. Defendant argues that the last event necessary to make Defendant liable for the alleged wrongs occurred in Indiana because he was working remotely from his residence in Indiana when he committed the alleged wrongful acts. (ECF 11 at 7). Plaintiff, on the other hand, argues that the last event necessary is not the sending of the emails or the remote work, but rather, is the damage caused to the plaintiff, which occurred in Colorado. (*Id.* at 3) (citing *Castelli v. Steele,* 700 F. Supp. 449, 453 (S.D. Ind. 1988)). The Court agrees with Plaintiff. The last event necessary to make Defendant liable was the injury to Tripwireless in Colorado. *Alli v. Eli Lilly & Co.*, 854 N.E.2d 372, 378 (Ind. Ct. App. 2006); *See also Consol. Rail Corp. v. Allied Corp.*, 882 F.2d 254, 256 (7th Cir.1989) (noting that the injury is usually the last act necessary to complete the tort). Defendant's attempt to substitute the place where the offending conduct occurred over the place where the last event necessary to complete the tort transpired, the injury, is an improper application of the Indiana choice of law rules for torts. The Court is permitted to consider the place where the conduct causing the injury occurred only *if it first* determines that the location of the tort is insignificant to the action. This brings the Court to the next step, determining whether the place of the tort bears little connection to the legal action. *Hubbard*, 515 N.E.2d at 1074.

It is a "rare case" when the place of the tort is significant. *Simon*, 805 N.E.2d at 806. If this is a rare case and Colorado does not have significant contacts to the legal action in question, then the Court can consider factors such as: "(1) the place where the conduct causing the injury occurred; (2) the residence or place of business of the parties;

7

and (3) the place where the relationship is centered." *Hubbard*, 515 N.E.2d at 1073-74. The Court does not need to turn to these additional factors, however, because Colorado does have significant contacts to the legal action in question. A claim of tortious interference with prospective business relationships by a former employee alleges harms against the company itself. Here, Plaintiff is incorporated and headquartered in Colorado, therefore, the injury was felt there. (ECF 1 at 1). Plaintiff alleges that Defendant interfered with prospective business relationships by sending potential clients to Elite, his current employer. Defendant was only able to interfere with these potential clients through his employment with Plaintiff, which was based in Colorado. The place of tort, Colorado, does bear a strong connection to the legal action, therefore the Court will apply Colorado law to the tortious interference with prospective business advantage claim.

### C. Plaintiff Pled Sufficient Facts

As noted by Plaintiff, "Defendant does not contest the sufficiency of Tripwireless' claim for tortious interference with a prospective business advantage under Colorado law." (ECF 12 at 5). Defendant's partial motion to dismiss centers on the argument that Indiana law applies and *based on Indiana law,* Plaintiff's claim of tortious interference with a prospective business advantage should be dismissed. (ECF 13 at 3). The Court has determined that Colorado law, not Indiana law, applies here. Since Defendant does not argue that Plaintiff's complaint is insufficient under Colorado law, the Court does not need to reiterate the sufficiency of Plaintiff's complaint here. Plaintiff alleges sufficient facts to support "a claim to relief that is plausible on its face"

under the applicable law, so Defendant's motion to dismiss must be DENIED. *Iqbal*, 556 U.S. at 678.

IV.  **CONCLUSION**

For the reasons discussed above, Defendant's Partial Motion to Dismiss is **DENIED**. (ECF 10).

SO ORDERED on May 5, 2025.

                                                     /s/*Cristal C. Brisco*
                                                 CRISTAL C. BRISCO, JUDGE
                                                 UNITED STATES DISTRICT COURT