UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRIPWIRELESS, INC.,

Plaintiff,

v.                                              CASE NO.: 3:24-CV-843-CCB-SJF

BRAD KING,

Defendant.

**OPINION and ORDER**

Before the Court is Defendant Brad King's Motion for Leave to File a

Counterclaim against Plaintiff Tripwireless, Inc. ("Tripwireless"). For the reasons

discussed below, Defendant's motion is granted.

I.      RELEVANT BACKGROUND

On October 15, 2024, Tripwireless filed the above-captioned case against Brad

King, its former Vice President, alleging that Mr. King intentionally directed potential

contract opportunities away from Tripwireless and to his new employer, Elite-ICT

Services. Tripwireless' two-count complaint thus brings claims of breach of duty of

loyalty and tortious interference with prospective business advantage.

On December 5, 2024, Mr. King answered Tripwireless' Complaint [DE 9] and

filed a Partial Motion to Dismiss. [DE 10]. Mr. King's answer contains admissions and

denials of Tripwireless' allegations along with five affirmative defenses. Mr. King's

Motion to Dismiss contends that Tripwireless' claim of tortious interference with

prospective business advantage does not state a claim for which relief can be granted. Mr. King did not assert any counterclaim in these filings.

On May 5, 2025, the Court denied Mr. King's Motion to Dismiss. As part of this ruling, the Court found that Colorado law applied to the claim. [DE 14 at 1]. Shortly thereafter, Mr. King moved for leave to file a counterclaim against Tripwireless. [DE 17]. Mr. King seeks to file a counterclaim for breach of his employment contract, alleging that Tripwireless failed to pay him a bonus in 2019, 2020, and 2023. [DE 17-1 at 3]. Mr. King demands specific performance of his employment contract, monetary damages, and pre-judgment and post-judgment interest. [DE 17-1 at 4].  Tripwireless contends that Mr. King's counterclaim for breach of contract is considered a compulsory counterclaim under Fed. R. Civ. P. 13(a). Thus, Tripwireless contends that because Mr. King did not file the counterclaim with his Answer on December 5, 2024, the proposed counterclaim has been waived. [DE 20 at 3-4]. Accordingly, Tripwireless maintains that Mr. King's motion seeking leave to file it should be denied. Tripwireless also argues that Mr. King should not be allowed to add his counterclaim under Fed. R. Civ. P. 15(a) because of this delay and because it will result in prejudice. [DE 20 at 4-5].

II.    DISCUSSION

The Court begins by determining whether Mr. King's proposed counterclaim [DE 17-1] is considered compulsory under Fed. R. Civ. P. 13(a). Federal Rule of Civil Procedure 13(a) provides that "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim" is compulsory. Fed. R. Civ. P. 13(a). Put another way, "Rule 13 requires compulsory

'counterclaims to be stated at the time an answer is served.'" *Genworth Life Ins. Co. v. Cathey*, No. 21-CV-02873, 2022 WL 2828749, at *4 (N.D. Ill. July 20, 2022)(quoting *Lerman v. Turner*, No. 10 C 2169, 2012 WL 1409526, at *1 (N.D. Ill. Apr. 23, 2012)).

A counterclaim is considered compulsory if it "arises out of the transaction or occurrence that is the subject of the opposing party's claim"; and "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1)(A)-(B). The Court should interpret "transaction or occurrence" liberally, using a "logical relationship" test to assess the applicability of Rule 13(a)(1)(A). *Bd. of Regents of Univ. of Wis. Sys. V. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 470 (7th Cir. 2011) (citing *Burlington N. R.R. Co. v. Strong*, 907 F.2d 707, 711 (1990)). The Court should consider "the totality of claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Burlington N. R.R. Co.*, 907 F.2d at 711.

Mr. King first contends that his counterclaims are not compulsory and therefore have not been waived. Mr. King concedes that while Tripwireless' claims against him are "both admittedly related to his employment," he maintains that its claims "do not allege any breach of Contract, nor did Plaintiff designate the Contract to the Court, and a determination of Plaintiff's claims would not constitute res judicata as to Defendant's proposed Counterclaim his counterclaim is not compulsory under Fed. R. Civ. P. 13(a)." [DE 17 at 3]. Mr. King also contends that, even if his proposed counterclaim is compulsory, the Court may grant him leave to file it under Fed. R. Civ.

P. 13(f).[1] Tripwireless insists that Mr. King's counterclaim is compulsory because the

claims in the original complaint and the counterclaim are logically connected, as the

underlying occurrence for both the complaint and the counterclaim is Mr. King's

employment at Tripwireless. [DE 20 at 3]. Tripwireless contends that this makes the

instant motion untimely, warranting denial.

Mr. King was a Vice President at Tripwireless from August 12, 2019, until his

termination on August 26, 2024. Tripwireless alleges that Mr. King had an employment

contract through which it paid him an annual salary of $125,000 as well as an annual

bonus of 5% of Tripwireless' net income. [DE 1 at 2, ¶9]. Tripwireless alleges that Mr.

King's responsibilities included "submitting bids in response to customer inquiries

and/or RFPs for service and maintenance contracts for telecommunication

infrastructure networks power and cell sites." [*Id.* ¶11]. Tripwireless then alleges it

terminated Mr. King because he failed to perform these responsibilities, and that it later

discovered that Mr. King "had begun to intentionally direct potential service and

maintenance contract opportunities away from Tripwireless" and to his new employer.

[*Id.* ¶¶12, 14]. Tripwireless also maintains that "[a]t all times during his employment

---

[1] Mr. King also cites to Fed. R. Civ. P. 12(a)(4)(a) in support of this motion, contending that he had until May 19, 2025, to file his responsive pleading here. Indeed, Fed. R. Civ. P. 12(a)(4)(A) provides that serving a motion under a Rule 12 alters the timeframe to answer a complaint, counterclaim, or crossclaim until 14 days after the Court denies a Rule 12 motion—which the Court did here on May 5, 2025. But this argument fails to acknowledge that Mr. King filed an answer along with his Rule 12 motion, notwithstanding the deadlines set by Rule 12(a)(4)(A). Accordingly, as Tripwireless contends, this provision appears to have "no applicability to the current case[.]" [DE 20 at 2]. Indeed, Mr. King abandons this argument on reply — instead relying solely on Rules 13 and 15 to support his motion—so the Court can only find that it is now waived. *See, e.g., Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

with Tripwireless, [Mr.] King owed Tripwireless a duty of loyalty under which he had a duty not to compete against Tripwireless." [*Id.* ¶10]. In his proposed counterclaim, Mr. King alleges that, under his employment contract, he "was entitled to an annual bonus equal to 5% of Tripwireless' annual net income once verified by a Tripwireless bookkeeping and accounting service, as reflected on its year end profit and loss report (hereinafter the "5% Bonus")." [DE 17-1 at 2, ¶6]. Mr. King also alleges that "upon termination of the Contract, base payments to King were to terminate, but Tripwireless remained liable to King for commissions earned." [*Id.* ¶9].

Both the original complaint and counterclaim arise from the same employment contract between Mr. King and Tripwireless. It is true that Tripwireless did not style its claims as breach of contract claims, but it is also true Mr. King's alleged job duties and responsibilities, including his alleged duty of loyalty to Tripwireless, are based on his employment contract. As the impetus for the parties' claims come from the same underlying period of employment and employment contract, the claims share factual backgrounds. *See Bd. of Regents*, 653 F.3d at 470 (holding that the "logical relationship" test is flexible considering the totality of the claims, including respective factual backgrounds) (citing *Burlington N. R.R. Co. v. Strong*, 907 F.2d at 711); *see also Silverback Applied Techs., LLC v. HighPoint Digit., Inc.*, No. 121CV01215RLYMJD, 2023 WL 5804396, at *2 (S.D. Ind. Apr. 11, 2023)(finding that a counterclaim was compulsory where "the counterclaim arises out of the same transaction or occurrence as [the plaintiff's] claim because both claims allege the other party breached the same contract.") Based on this, Fed. R. Civ. P. 13(a)(1)(A) appears to be met. The proposed counterclaim also does not

involve any additional party, so Rule 13(a)(1)(B) is met. Thus, Mr. King's proposed

counterclaim appears to be compulsory under Rule 13(a).

Tripwireless maintains that this means Mr. King has waived this compulsory

counterclaim because he did not file it when he filed his answer on December 5, 2024.

Mr. King first asserts that he is still able to add this omitted counterclaim under Fed. R.

Civ. P. 13(f), which provided that "[w]hen a pleader fails to set up a counterclaim

through oversight, inadvertence, or excusable neglect, or when justice requires, the

pleader may by leave of court set up the counterclaim by amendment." But Fed. R. Civ.

P. 13(f) was abrogated in 2009. *See* Fed. R. Civ. P. 13 Advisory Committee Notes to 2009

Amendment. This does not end the Court's analysis, however. "An amendment to add

a counterclaim will be governed by Rule 15." *Id.*  Indeed, "the reasons described in Rule

13(f) for permitting amendment of a pleading to add an omitted counterclaim sound

different from the general amendment standard in Rule 15(a)(2), but [they] seem to be

administered—as they should be—according to the same standard directing that leave

should be freely given when justice so requires." *Id.*; *see also SFM Corp. v. Sundstrand*

*Corp.*, 99 F.R.D. 101, 104 (N. D. Ill. 1983)("Despite the variation in their wording, Rules

13(f) and 15(a) have been construed as prescribing essentially the same standards for

granting leave to add omitted counterclaims.") Accordingly, the Court must consider

whether to allow leave to file the proposed counterclaim under Rule 15.

Fed. R. Civ. P. 15(a)(2) provides that leave to amend a pleading shall be freely

given when justice so requires. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011);

*see also Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011). Thus, under this rule, a

court may deny leave to amend a pleading only if there is "undue delay, bad faith, dilatory motive, prejudice, or futility." *See Guise v. BWM Mortg., LLC*, 377 F.3d 795, 801 (7th Cir. 2004). "[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002).

Tripwireless contends that leave to file the counterclaim should be denied because of undue delay and prejudice. Delay alone is usually not sufficient to deny a motion under Rule 15. *Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016) (quoting *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) and calling the Rule 15 amendment standard "generous"); *see also Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343 (7th Cir. 2015). Here, Mr. King concedes that his proposed Counterclaim existed at the time he filed his Answer but explains that he did not include it originally because he was unsure about the amount owed to him or the relevant applicable law—the latter of which was not determined by the Court until it ruled on his motion to dismiss. [DE 24 at 2]. Mr. King then sought leave to file his proposed counterclaim 10 days after the Court denied his Partial Motion to Dismiss. [DE 14]. He filed his motion before the discovery period began, as the Court's Rule 16(b) Scheduling was entered 14 days after he filed the motion. Based on this, the Court cannot find that his delay was unreasonable or warrants, on its own, denial of the motion. *See Genworth Life Ins.*, 2022 WL 2828749, at *4 (holding that the defendant's delay to counterclaim was not unreasonable since it incorrectly believed that it did not need to assert its claims until later).

Tripwireless also contends that allowing Mr. King to file the counterclaim will result in prejudice. Prejudice ensues when "the amendment brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint *and* when the additional discovery is expensive and time-consuming." *United States v. Ladany*, No. 14 C 3876, 2015 WL 9259523, at *4 (N.D. Ill. Dec. 18, 2015) (internal citations and quotations omitted) (emphasis added). No doubt, late amendments to the pleadings can cause undue prejudice when a party "change[s] one of its critical legal theories at the eleventh hour in a way that the other side could not have foreseen." *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 946 (7th Cir. 2020). Thus, the party seeking an amendment bears the burden of proving that "no prejudice will result to the non-moving party." *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994). Tripwireless contends this will prejudice it because it was already "forced to wait months for discovery to begin"—while Mr. King's motion to dismiss was pending—and that allowing him to file the counterclaim "will further delay the case as the scope of discovery will not be resolved potentially for months while the Motion pends and, in the event, Tripwireless chooses to seek dismissal of the Counterclaim." [DE 20 at 6]. As discussed, however, Mr. King sought leave to file the counterclaim before the start of discovery—as he filed the instant motion 14 days before the Court's Rule 16(b) Scheduling Order was entered. The Court's Rule 16(b) Scheduling Order also gave the parties leave to amend the pleadings

until August 12, 2025[2]. [DE 22 at 2]. But most importantly, Tripwireless' position is that the counterclaim is compulsory because it arises from the same underlying occurrence—Mr. King's employment and employment contract. Thus, the Court cannot find that the counterclaim would bring separate claims into the case that would require the parties to undergo a significant amount of new, expensive, or time-consuming discovery. Instead, this suggests that denying Mr. King leave to raise the counterclaim here would require him "to litigate [the counterclaim] in another action ... [and] would create needless multiplicity of suits and ignore the primary objectives of the compulsory counterclaim rule." *Kissell Co. v. Farley*, 417 F.2d 1180, 1183 (7th Cir. 1969); *see also T&M Industrials v. Great Lakes Salt, Inc.*, No. 15 C 3107, 2016 WL 693231, at *7 (N.D. Ill. Feb. 22, 2016) (finding the defendant's request to amend was especially compelling given the counterclaim was compulsory); *Jupiter Aluminum Corp.*, 181 F.R.D. 605, 609 (N.D. Ill. 1998)(allowing the defendant to counterclaim two years after the filing of the original complaint).

In sum, the Court cannot find that granting Mr. King leave to file a counterclaim that was omitted from his original answer will unduly prejudice Tripwireless or was the result of undue delay. Accordingly, the Court will grant Mr. King's motion.

---

[2] Since the instant motion was filed before the Court's Scheduling Order, the Court noted that it would review this motion via separate order. [*See* DE 22 at 2 fn. 2].

**III.    CONCLUSION**

For the reasons discussed above, Defendant Brad King's Motion for Leave to File

a Counterclaim [DE 17] is **GRANTED**. Defendant shall **FILE** his counterclaim as

proposed [DE 17-1] by **October 10, 2025.**

**SO ORDERED** this 6th day of October, 2025.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge